1    ARTURO J. GONZÁLEZ (CA SBN 121490)
AGonzalez@mofo.com
2    DEREK F. FORAN (CA SBN 224569)
DForan@mofo.com
3    KEVIN LOVE HUBBARD (CA SBN 290759)
KHubbard@mofo.com
4    MORRISON & FOERSTER LLP
425 Market Street
5    San Francisco, California  94105-2482
Telephone: 415.268.6323
6

7    Attorneys for Plaintiff
GEORGE LANCE CARRILLO

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10               FRESNO DIVISION

11

| | |
|---|---|
| 12   GEORGE LANCE CARRILLO, | Case No. _____ |
| 13          Plaintiff, | **COMPLAINT** |
| 14      v. | **[JURY TRIAL DEMANDED]** |
| 15   CITY OF FRESNO, a municipal corporation; RUBEN BARRON, in his individual capacity; | Complaint Filed:  November 25, 2014 |
| 16   and DOES 1 through 50, inclusive, | |
| 17          Defendants. | |

18

19

20                  **INTRODUCTION**

21       1.    Officers of the Fresno Police Department seized George Lance Carrillo, thoroughly

22   searched him, handcuffed his hands behind his back, and then slammed him face-first into the

23   asphalt on the street outside his home.  George had complied with every instruction the officers

24   had given him.  There was no threat to the officers or anyone else.  The officer's use of force was

25   unreasonable, and violated George's constitutional right to be free from excessive force.  The

26   officers then arrested and detained George without probable cause, and so violated his

27   constitutional right to be free from unreasonable seizure.

28

COMPLAINT              1

sf-3409063

1    2.    The officers' willful and unlawful conduct in depriving George Carrillo of his

2  fundamental rights has caused George to suffer both economic and non-economic harms.  In this

3  lawsuit, George seeks to remedy those deprivations of his Constitutional rights.

4                                    **JURISDICTION AND VENUE**

5    3.    This is a civil rights action brought pursuant to the Fourth Amendment to the United

6  States Constitution, 42 U.S.C. § 1983, and the California Tort Claims Act ("CTCA").  This Court

7  has jurisdiction over the federal claims pursuant to the constitutional provisions enumerated in

8  28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as the claims are brought to redress deprivations of

9  rights, privileges, and immunities secured by the United States Constitution and by law.  This

10  Court has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367.

11    4.    Venue is proper in the Eastern District of California, under 28 U.S.C. § 1391(b), in

12  that Defendants are located in this state and district, and a substantial part of the acts and/or

13  omissions giving rise to Plaintiff's claims occurred in this district.

14                                            **THE PARTIES**

15    5.    Plaintiff in this case is George Lance Carrillo. George is a resident of Fresno,

16  California.

17    6.    Defendant City of Fresno is a municipal corporation and a political subdivision of the

18  State of California with the capacity to sue and be sued.  The City of Fresno includes the Fresno

19  Police Department.

20    7.    Defendant Ruben Barron, is, and at all times relevant for this Complaint was, an

21  Officer of the Fresno Police Department.  Officer Barron is sued individually.

22    8.    George Carrillo is informed and believes, and thereon alleges, that at all times

23  mentioned herein, each and every defendant was the agent, servant, employee, and/or

24  representative of each and every other defendant and, in doing the things complained of herein,

25  was acting within the scope of that agency, service, employment, and/or representation, and that

26  each and every defendant is jointly and severally responsible and liable to the plaintiff for the

27  damages hereinafter alleged.

28

COMPLAINT                              2
sf-3409063

1

**GENERAL ALLEGATIONS**

2      9.     In the early morning of March 5, 2014, after his shift as an emcee and DJ at a local

3  bar, George Carrillo drove to pick up his then-girlfriend, Emma Madera, from her apartment in

4  Fresno, California.  George then drove with Emma from her apartment back to his home, located

5  at 1533 South Gearhart Street.  Shortly before 4:00 a.m., George pulled into his driveway.

6      10.     Immediately after George stopped the car, several Fresno police officers pulled up

7  behind him and turned on their lights.  One of the police officers yelled to George over the

8  loudspeaker in the police vehicle for George to put his hands out the window of his car.  Though

9  he did not know why the officers were at his house, nor why they yelling at him, George

10  immediately complied.

11      11.     The officers then got out of the police vehicles and drew their guns, pointing them

12  at George.  With guns drawn, the police officers instructed George to get out of his vehicle.

13  George immediately complied.  Emma remained in the passenger seat of the car.

14      12.     Once George was out of the vehicle, the officers instructed George to put his hands

15  on his head.  George immediately complied.

16      13.     Once George's hands were on his head, the officers instructed George to walk

17  backwards toward them at the end of George's driveway, and step outside the gate to his

18  driveway.  George immediately complied.

19      14.     Once George was on the sidewalk outside his driveway, with his hands still on his

20  head, the officers instructed him to step off the curb and into the street.  George immediately

21  complied.

22      15.     When George was in the street, the officers grabbed George with his hands behind

23  his head.  Officer Ruben Barron then violently kicked George's feet apart and conducted a search

24  of George's person.  Barron removed everything from George's pockets without asking any

25  questions.

26      16.     With George's feet spread, Barron then grabbed George's hands from his head,

27  where George had kept them during the search, and handcuffed them behind George's back.

28

COMPLAINT                                3
sf-3409063

17.     After the police had thoroughly searched and handcuffed him without any explanation, George asked why he was being arrested.  At that point, Officer Ruben Barron swept George's feet from under him, and slammed George face first, with his hand still handcuffed behind his back, into the asphalt on the street.

18.     The force of the impact badly lacerated George's face, and irreparably damaged his front teeth.  The officers then stood over George while he lay bleeding without assisting him.

19.     During this entire period, Emma remained in the passenger seat of George's car, and communicated freely with the police officers.

20.     To avoid lying on the ground in a growing puddle of his own blood, George tried to roll over onto his side.  Officer Barron then pinned George face down with his knee in George's back and instructed George not to move.  George was forced to lie on the ground, face down with his hands cuffed behind his back, and bleeding profusely, for approximately 10 minutes, during which the officers refused to allow him to move.

21.     George was then taken by ambulance to Fresno Community Hospital.  After his injuries were stabilized, an officer took George to the police station, where he was detained for approximately an hour.  Sergeant Paul Brown told George that he would be charged with resisting arrest, and gave him a Notice to Appear in Fresno County Court that indicated George would be charged with a misdemeanor violation for obstructing a police officer.

22.     After George was released from detention at about 5:30 a.m., a police officer drove him back to his house.

23.     No charges were ever filed against George.

24.     In correspondence to George in response to his administrative claim, which set forth the facts contained in this Complaint, the City of Fresno confirmed that "the conduct in question occurred, but the actions of the member were within department policy or were otherwise appropriate given the policy."

25.     At all times mentioned herein, and in all of their actions mentioned herein, the individually named defendants were acting under color of law and under color of their authority and within the scope of their employment with the City of Fresno.

COMPLAINT                                                          4
sf-3409063

1      26.    The conduct of the individually named defendants was willful, wanton, malicious,

2   oppressive, and in bad faith.  The defendants also acted with reckless or callous disregard for the

3   rights of plaintiff and intentionally violated state and federal law.  The plaintiff is thus entitled to

4   an award of punitive damages against each of the defendants.

5                            **ADMINISTRATIVE PROCEEDINGS**

6      27.    Pursuant to California Government Code §§ 910 *et seq*., George Carrillo timely

7   filed a claim with the City of Fresno on March 26, 2014.

8      28.    The City of Fresno notified George's counsel, by letter dated May 29, 2014, that the

9   City had rejected George's claim by operation of law on May 10, 2014.  On May 27, 2014, the

10   City notified George directly that it had rejected his claim after investigation because, though the

11   City found that the conduct alleged in this Complaint did occur, the conduct in question was

12   within department policy or otherwise appropriate given the policy.  On June 3, 2014, the City

13   notified George that the investigation involving his complaint was ongoing, notwithstanding the

14   previous two letters.  When contacted by George's counsel on June 6, 2014, the City confirmed

15   by phone that George's claim had been rejected, but was unable to identify the final justification.

16   No clarification was ever provided to George in writing.

17      29.    Independent of the conflicting notifications from the City of Fresno, George has

18   complied with the claim filing prerequisites of the California Tort Claims Act prior to initiating

19   this action.

20                            **FIRST CAUSE OF ACTION**

21
     **(Violation of Fourth Amendment Rights, Excessive Force, 42 U.S.C. § 1983 – Against
22                                 All Defendants)**

23      30.    Plaintiff realleges and incorporates herein by reference each and every allegation

24   contained in paragraphs 1 through 29 of this complaint.

25      31.    The attack on George Carrillo by police officer Barron violated George's Fourth

26   Amendment right to be free from the use of excessive force.

27      32.    After George was handcuffed, no reasonable officer could have perceived any threat

28   of harm to Defendants, any of their officers, or anyone else.

COMPLAINT                          5
sf-3409063

1    33.    George did not resist arrest, nor attempt to evade arrest.

2    34.    Defendants acted under color of law and acted or purported to act in the

3    performance of official duties under federal, state, county, or municipal laws, ordinances, or

4    regulations.

5    35.    Defendants' conduct violated clearly established constitutional or other rights of

6    which Defendants knew, or of which a reasonable public official should have known.

7    36.    The above-stated violations of  George Carrillo's constitutional rights occurred as

8    the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendant

9    City of Fresno in at least the following ways:  approval, ratification, encouragement, and

10   authorization of excessive use of force by Fresno police officers, including in this case; official

11   policies and procedures that condone use of excessive force; and failure to properly train and

12   supervise its police officers in the lawful use of force, despite their knowledge of a pattern of

13   excessive force by Fresno police officers.  These acts, omissions, and policies contributed to the

14   attack on George Carrillo.

15   37.    This violation is compensable pursuant to 42 U.S.C. § 1983.  As a direct and

16   proximate result of these Defendants' conduct, Plaintiff has suffered economic damages and

17   significant physical and emotional harm.

18                              **SECOND CAUSE OF ACTION**

19   **(Violation of Fourth Amendment Rights, Unreasonable Seizure of Person, 42 U.S.C.**
     **§ 1983 – Against All Defendants)**
20

21   38.    Plaintiff realleges and incorporates herein by reference each and every allegation

22   contained in paragraphs 1 through 29 of this complaint.

23   39.    Defendants seized George Carrillo when they arrested and detained him.

24   40.    Defendants intentionally and unreasonably seized George Carrillo without probable

25   cause.

26   41.    Defendants acted under color of law and acted or purported to act in the

27   performance of official duties under federal, state, county, or municipal laws, ordinances, or

28   regulations.

COMPLAINT                                  6
sf-3409063

1     42.    Defendants' conduct violated clearly established constitutional or other rights of

2  which Defendants knew, or of which a reasonable public official should have known.

3     43.    The above-stated violations of George Carrillo's constitutional rights occurred as

4  the result of the deliberate, reckless, and malicious acts, omissions, and practices of Defendant

5  City of Fresno in at least the following ways:  approval, ratification, encouragement, and

6  authorization of unlawful arrests by Fresno police officers, including in this case; official policies

7  and procedures that condone unlawful arrests; and failure to properly train and supervise its

8  police officers in lawful arrests, despite their knowledge of a pattern of unlawful arrests by Fresno

9  police officers.  These acts, omissions, and policies contributed to the unreasonable seizure of

10  George Carrillo.

11     44.    These violations are compensable pursuant to U.S.C. § 1983.  As a direct and

12  proximate result of these Defendants' conduct, Plaintiff has suffered economic damages and

13  significant physical and emotional harm.

14  **THIRD CAUSE OF ACTION**

15  **(Negligence, California Torts Claim Act – Against All Defendants)**

16     45.    Plaintiff realleges and incorporates herein by reference each and every allegation

17  contained in paragraphs 1 through 29 of this Complaint.

18     46.    Defendants breached their duty of reasonable care by negligently acting or omitting

19  to act in such a way that resulted in injury to George Carrillo.

20     47.    Defendants breached their duty of reasonable care by negligently acting or omitting

21  to act in such a way that resulted in George Carrillo's unlawful arrest and detention, which

22  Defendants knew or should have known would cause substantial harm to George.

23     48.    Defendants were negligent in performing their duties and failed, neglected and/or

24  refused to properly and fully discharge their responsibilities by, among other things, failing to

25  adequately train and supervise employees and agents.

26     49.    Defendants were acting within the scope of their employment when they committed

27  these acts.

28

COMPLAINT                                7
sf-3409063

50.     As a direct and proximate result of Defendants' conduct, George Carrillo has suffered and continues to suffer damages in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(False Arrest and Imprisonment, California Torts Claim Act – Against All Defendants)**

51.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint.

52.     Defendants intentionally and unlawfully deprived George Carrillo of his liberty by arresting and detaining him without a legal basis to do so.

53.     Defendants were acting within the scope of their employment when they committed these acts.

54.     As a direct and proximate result of Defendants' conduct, George Carrillo has suffered and continues to suffer damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

1.     For general damages against Defendants, jointly and severally, in an amount to be proven at trial;

2.     For special damages against Defendants, jointly and severally, in an amount to be proven at trial;

3.     For punitive and exemplary damages against Defendants, jointly and severally in an amount to be proven at trial

4.     For reasonable costs, expenses, and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other applicable law;

5.     For injunctive relief that the Court deems just and proper; and

6.     For such other relief as the Court deems just and proper.

///

///

COMPLAINT

8

sf-3409063

1   **DEMAND FOR JURY TRIAL**

2   Plaintiff demands a trial by jury on any and all issues triable by a jury.

3   Dated: November 25, 2014          ARTURO J. GONZÁLEZ
                                     DEREK F. FORAN
4                                    KEVIN LOVE HUBBARD
                                     MORRISON & FOERSTER LLP
5

6

7   By:  /s/ Arturo J. González
                                          Arturo J. González

8                                    Attorneys for Plaintiff
                                     GEORGE LANCE CARRILLO
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                              9

sf-3409063